

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FEDERAL TRADE COMMISSION,

      Petitioner,

v.                                                    Misc. No.  3:14mc005

RECKITT BENCKISER
PHARMACEUTICALS, INC.,

      Respondent.

### MEMORANDUM OPINION

This matter is before the Court on RESPONDENT RECKITT BENCKISER PHARMACEUTICALS, INC.'S MOTION TO TRANSFER (Docket No. 13), filed pursuant to 28 U.S.C. § 1404(a).  For the reasons stated on the record on September 23, 2014 and as set forth below, the motion will be denied.

### BACKGROUND

Petitioner Federal Trade Commission ("FTC") is investigating Respondent Reckitt Benckiser Pharmaceuticals, Inc. ("Reckitt") for potentially anticompetitive conduct involving its branded drug Suboxone.  As part of this investigation, the FTC is looking into whether Reckitt abused certain FDA regulatory processes, including the FDA "citizen petition" process, to hinder competition by generic products.  The FTC issued a Civil Investigative Demand ("CID") to Reckitt on June 13, 2013.  Reckitt produced almost 600,000 documents in response, but it has withheld approximately 28,000 documents on

grounds of attorney-client privilege.   The FTC filed a PETITION OF THE FEDERAL TRADE COMMISSION FOR AN ORDER ENFORCING CIVIL INVESTIGATIVE DEMAND (Docket No. 2) ("Petition") in this Court on August 8, 2014.   An ORDER TO SHOW CAUSE (Docket No. 6) was issued on August 26, 2014, and, by ORDER issued on September 6, 2014 (Docket No. 20), the ORDER TO SHOW CAUSE was amended to set a briefing schedule and oral argument on RESPONDENT RECKITT BENCKISER PHARMACEUTICALS, INC.'S MOTION TO TRANSFER.   On September 23, 2014, the Court heard argument on the motion to transfer.

Reckitt filed the motion to transfer this proceeding to the Eastern District of Pennsylvania, where twelve antitrust class actions have been centralized by the Judicial Panel on Multidistrict Litigation, with Judge Mitchell S. Goldberg presiding.   An order was entered in that proceeding at Reckitt's urging requiring Reckitt to produce, in the MDL proceeding, any documents that it produces to the FTC.   See Order, Oct. 1, 2013, Case No. 2:13-md-2445 (Exh. A to Docket No. 14).   The FTC takes the position that the 28,000 documents it seeks in this proceeding are non-privileged under binding precedent in the United States Court of Appeals for the Fourth Circuit.

Relying on FTC v. Cephalon, Inc., No. 2:08cv2141 (E.D. Pa. Sept. 11, 2013), Reckitt contends that the FTC is aware that Judge Goldberg has previously held that documents of the type the FTC seeks are privileged and that the FTC's filing the Petition in the Eastern

District of Virginia is forum-shopping.  Reckitt also contends that a transfer is the only way to avoid multiple proceedings on the same privilege issue and potentially conflicting rulings.

## DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The basic purpose of § 1404(a) is to "prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  Original Creatine Patent Co. v. Met-Rx USA, Inc., 387 F. Supp. 2d 564, 566 (E.D. Va. 2005) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).

The analysis to be made in determining a motion for transfer made under § 1404(a) requires that the Court first determine whether the action could have been brought in the proposed transferee forum and then consider the following factors:  "(1) the plaintiff's choice of venue, (2) the convenience of the parties and witnesses, and (3) the interest of justice."  Jaffe v. LSI Corp., 874 F. Supp. 2d 499, 502 (E.D. Va. 2012).

It is undisputed – and the parties agree – that this action could have been brought by the FTC in Pennsylvania.  The FTC may file in "any judicial district in which such person resides, is found, or

3

transacts business . . . a petition for an order of such court for the enforcement of [a CID]." 15 U.S.C. § 57b-1e. Thus, the resolution of the motion turns on the three factors traditionally considered in deciding motions under § 1404(a).

## 1.  The FTC's Choice of Forum

A plaintiff's choice of forum is generally given substantial weight; however, "the plaintiff's choice of forum is not entitled to substantial weight if the chosen forum is not the plaintiff's 'home forum,' and the cause of action bears little or no relation to the chosen forum." Lycos, Inc. v. TiVo, Inc., 499 F. Supp. 2d 685, 692 (E.D. Va. 2007). Further, as the Court previously has explained: "if there is little connection between the claims and this judicial district, that would militate against a plaintiff's chosen forum and weigh in favor of transfer to a venue with more substantial contacts." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 635 (E.D. Va. 2003).

Reckitt argues that the FTC's choice of forum should be given little, if any, weight because: (1) the FTC is not a private litigant; (2) the Eastern District of Virginia is not the FTC's home forum; and (3) this dispute has no connection to this forum. Reckitt contends that this is nothing more than forum shopping.

The FTC disagrees and contends that its choice is entitled to substantial weight and that this proceeding, in fact, has strong ties to this forum. Reckitt's headquarters and operations are in Richmond. Most of the employees that Reckitt identified as

4

custodians of the documents sought by the FTC work in Richmond, and many of the documents sought are located in Richmond as well. The FTC contends that much of the significant conduct and many of the relevant decisions took place at Reckitt's Richmond headquarters and that the consultant, Venebio, that prepared the study on which the citizen's petition at issue was based is also a Richmond company. The lawyers involved in the assertedly privileged documents are located in Richmond, Washington, D.C., and New York.

The FTC's choice of this forum is entitled to reasonable deference, especially given that it is Reckitt's home forum, where Reckitt is headquartered, and where much of the conduct at issue took place. The FTC's choice was reasonable, and this factor weighs against transfer.

## 2.  The Convenience Factor

This factor requires an assessment of the "ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." Lycos, 499 F. Supp. 2d at 693 (quoting Samsung Elecs. Co. v. Rambus, Inc., 386 F. Supp. 2d 708, 717 n.13 (E.D. Va. 2005)). As the FTC notes, the ORDER TO SHOW CAUSE, as amended by the Order of September 5, 2014, requires that, if Reckitt "believes it necessary for the Court to hear live testimony, it must file, by October 1, 2014, a summary of such

testimony and explain why [it] believes live testimony is required."[1] To the extent that testimony is required, it will come for the most part from witnesses who work in Richmond. And, notwithstanding the FTC's urging to the contrary, it is likely that it will be necessary to hear testimony of Reckitt witnesses and their lawyers to decide the claims of privilege. To the extent that witnesses are not located in Richmond, it appears that they will be willing to travel here without compulsory process. This district is adjacent to the District of Columbia, so it is also more convenient than the Eastern District of Pennsylvania to the FTC and to Reckitt's counsel. Based on the record, the convenience factor weighs against a transfer.

## 3. The Interest of Justice

The interest of justice factor focuses on "systemic integrity and fairness, . . . the most prominent elements of which are 'judicial economy and the avoidance of inconsistent judgments.'" Jaffe, 874 F. Supp. 2d at 505 (quoting Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)). "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." Id. In general, these

---

[1] The ORDER TO SHOW CAUSE, as amended, also provides that Reckitt may file affidavits, exhibits, and other papers in opposition to the pending Petition.

6

factors are neutral in the analysis in this case, except with regard to "avoiding unnecessary conflicts of law" and "judicial economy."

Reckitt's arguments to the contrary notwithstanding, there is very little overlap between the privilege issue presented in this matter and the issues in the MDL cases pending in the Eastern District of Pennsylvania.  As the FTC notes, the only issue in this proceeding is whether Reckitt must produce some or all of the 28,000 documents that it has withheld on the grounds of attorney-client privilege. Moreover, in September 2013, Reckitt filed two motions to dismiss the action in Pennsylvania, and no ruling on those motions has been issued as of this date, although oral argument was held on September 18, 2014.[2]  If the motions to dismiss are granted, Judge Goldberg will never be required to address any privilege claims that might be raised in that litigation, and a transfer to the Eastern District of Pennsylvania would likely delay resolution of the privilege issue. Given these facts, the Court concludes that a transfer would not promote judicial economy.

The Court also finds that the risk of inconsistent rulings is illusory.  If the Court rules that the documents are not privileged, then Reckitt can appeal that decision to the Court of Appeals for the Fourth Circuit and can seek a stay of the implementation of that decision while the appeal is pending.  Reckitt can also ask Judge

---

[2] These facts indicate some possible docket congestion, as argued by the FTC.

Goldberg for an exemption to his order that it must produce, in the MDL proceeding, any documents that it produces to the FTC.  The risk of inconsistent rulings is slight and is not sufficient to overcome the other factors.

The interest of justice factor weighs against a transfer to the Eastern District of Pennsylvania.

CONCLUSION

For the foregoing reasons, RESPONDENT RECKITT BENCKISER PHARMACEUTICALS, INC.'S MOTION TO TRANSFER (Docket No. 13) will be denied.

It is so ORDERED.

/s/          REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 24, 2014